**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**MAGALE ROBINSON, #29638-034**                                                       **PETITIONER**

**V.**                                                         **CIVIL ACTION NO. 5:09cv32-DCB-MTP**

**BRUCE PEARSON, Warden**                                                                **RESPONDENT**

REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition [1] of Magale Robinson for a Writ of Habeas Corpus filed under 28 U.S.C. § 2241. Having considered the Petition, the Answer [7], all matters made a part of the record in this case, as well as applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

Background

On November 7, 2006, Petitioner Magale Robinson pled guilty in United States District Court for the Eastern District of Louisiana to the crime of distribution of more than five grams but less than 50 grams of cocaine base, and was sentenced to a serve a term of 130 months, which was later reduced to 120 months. When he filed the instant Petition, Petitioner was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi.[1] He is projected to be released from Bureau of Prisons (BOP) custody on July 25, 2015. *See* Exh. 1 to Answer.

At the time he was sentenced on his federal conviction, Petitioner was in temporary federal custody on a writ of habeas corpus *ad prosequendum* from the State of Louisiana, where he was serving time on several state charges for drug possession. *See* Exhs. 2, 3 & 4 to Answer. Petitioner was taken into federal custody on the writ on December 20, 2005. *See* Exhs. 3 & 4 to Answer. As noted *supra*, Petitioner pled guilty to the federal charges and was sentenced on

---

[1] Petitioner is currently incarcerated at the Federal Correctional Institution in Pollock, Louisiana.

November 7, 2006. The sentence was imposed to run concurrently to Petitioner's imprisonment under any state of federal sentence. *See* Attachment AA to Petition. Accordingly, the BOP designated Petitioner to the state institution for service of his federal sentence, thereby allowing his federal sentence to begin running on November 7, 2006.[2] *See* Attachment E1 to Petition. Petitioner was returned to state custody on December 4, 2006, and a federal detainer was lodged. *See* Exhs. 2 & 3 to Answer. In September 2007, when Petitioner was released from state incarceration, he was taken into federal custody. He arrived at FCC Yazoo City on January 10, 2008. *See* Exhs. 1 & 3 to Answer.

In the instant Petition, filed by Petitioner *pro se* on March 13, 2009, Petitioner argues that his federal sentence was ordered to run concurrently with his state imprisonment and, therefore, he is entitled to prior jail credit against his federal sentence for the time period of December 20, 2005 to November 7, 2006,[3] when he was in federal custody. *See* Petition at 4-5.

## Analysis

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

---

[2] "Concurrent service of federal and non-federal sentences in a non-federal institution occurs when the Bureau designates a non-federal institution for service of the federal sentence. Ordinarily, the reason for [doing so] is that...the federal sentencing court intended its sentence be served concurrently with the non-federal sentence." Program Statement (PS) 5160.05, Designation of State Institution for Service of Federal Sentence (available at http://www.bop.gov/policy/progstat/5160_005.pdf), at 4.

[3] As Petitioner's federal sentence began to run on November 7, 2006, the time period in dispute is December 20, 2005 to November 6, 2006 (rather than November 7, 2006).

2

*that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added). The Supreme Court has explained that when Congress enacted this statute, it "made clear that a defendant could not receive a double credit for his detention time." *U.S. v. Wilson*, 503 U.S. 329, 337 (1992); *see also Horn v. Tamez*, 2007 WL 1702198, at * 2 n. 4 (N.D. Tex. June 12, 2007) ("§3585(b) precludes a prisoner from receiving double credit for time served in state custody, and hence [petitioner] could not receive credit against his federal sentence where he has already received credit against his state sentence.") (citing *Wilson*, 503 U.S. at 332-33; *U.S. v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983); *Radcliffe v. Clark*, 451 F.2d 250, 251-52 (5th Cir. 1971); *Pennant v. U.S.*, 31 Fed. Appx. 832, 832 (5th Cir. Jan. 3, 2002)). In accordance with the statute, PS 5880.28, Sentence Computation Manual, specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state or foreign." *See* Exh. 5 to Answer.

Moreover, it has long been the law of this Circuit that where a prisoner is in primary state custody and is taken on writ into federal custody to answer federal charges, he is not entitled to also have that time credited against his federal sentence. *See Chaplin v. U.S.*, 451 F.2d 179, 181 (5th Cir. 1971) ("petitioner was exclusively in state custody for a state parole violation except when appearing in federal court via writ of habeas corpus ad prosequendum. Upon this finding, petitioner is not entitled to credit against his federal sentence for such time spent in state custody."); *Howard v. U.S.*, 420 F.2d 478, 480 (5th Cir. 1970) (holding that because petitioner "was at all times in custody of the State of Louisiana and appeared in federal court for arraignment and sentencing under authority of federal writs of habeas corpus ad prosequendum . . . he [was] not entitled to have this time credited toward his federal sentence");[4] *Dominguez v.*

---

[4] *Chaplin* and *Howard* were based on the now repealed 18 U.S.C. § 3568, which has been replaced by 18 U.S.C. § 3585.

*Williamson*, 251 F.3d 156 (5th Cir. Mar. 1, 2001) (*per curiam*) ("a defendant is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus ad prosequendum if the defendant receives credit for that time on his state sentence.").

Thus, based on the foregoing, Petitioner is not entitled to credit against his sentence for the time period of December 20, 2005 to November 6, 2006.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Magale Robinson's Petition [1] for a Writ of Habeas Corpus be denied and dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 5th of November, 2009.

                                                    s/Michael T. Parker
                                                    United States Magistrate Judge