# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

MAGALE ROBINSON, NO. 29638                                        PETITIONER

VERSUS                          CIVIL ACTION NO. 5:09-cv-00032-DCB-MTP

BRUCE PEARSON, Warden                                             RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of November 5, 2009 [docket entry no. 9]. Therein, Judge Parker recommends that the *pro se* petition of Magale Robinson for writ of habeas corpus under 28 U.S.C. § 2241 be denied and dismissed with prejudice. Having reviewed the Petitioner's Motion, the Report and Recommendation, the Petitioner's objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

Petitioner was taken into federal custody on December 20, 2005 via a writ of habeas corpus *ad prosequendum* from the State of Louisiana where he was already serving a sentence for a conviction on state drug charges. On November 7, 2006, Petitioner pled guilty to the federal crime of distribution of more than five grams but less than 50 grams of cocaine base and was sentenced by the United States District Court for the Eastern District of Louisiana to serve a term of 130 months, later reduced to 120 months. The federal sentence was imposed to run concurrently with any other state or federal sentences. Petitioner now seeks credit on his federal sentence for the period between December 20, 2005 and

November 7, 2006 when he was in federal custody pursuant to the writ *ad prosequendum* before his guilty plea and sentencing on the federal charges.

Magistrate Judge Parker denied Petitioner's motion citing 18 U.S.C. § 3585(b), which provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." See also Dominguez v. Williamson, 251 F.3d 156, *3 (5th Cir. 2001) (holding that "a defendant is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus ad prosequendum if the defendant receives credit for that time on his state sentence.") (citations omitted).

Petitioner objects to Magistrate Judge Parker's Report and Recommendation on three grounds.

First, Petitioner contends that he would not have pled guilty to the federal offense had he known that his sentence would not be credited with the time between December 20, 2005 and November 7, 2006 and thus his guilty plea was involuntary and unintelligently entered. In the Fifth Circuit, to understand the consequences of a guilty plea "mean[s] only that the defendant must know the maximum prison term and fine for the offense charged." Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir. 1984) (holding defendant's guilty

plea not involuntary where defendant misunderstood that new sentence would run concurrently with old sentence when, in fact, the sentences ran consecutively). Inasmuch as Petitioner does not contend that he was unaware of the maximum prison term for the offense for which he was convicted, but only that he believed (mistakenly) that he would receive credit for the December 20, 2005 through November 7, 2006 period against his federal sentence, Petitioner has not pled facts sufficient to show that his guilty plea was involuntary.

Second, Petitioner contends that the Report and Recommendation ignores the limited exception to § 3585(b) announced in <u>Kayfez v. Gasele</u>, 993 F.2d 1288 (7th Cir. 1993). <u>Kayfez</u> is of no avail to Petitioner because it does not permit federal credit for time served "after the state sentence was imposed but before the federal sentence was pronounced." <u>Rios v. Wiley</u>, 201 F.3d 257, 273 n. 13 (3d Cir. 2000); <u>see also Martinez v. Menifee</u>, 2006 WL 3771987, *5 (W.D.La. Nov. 21, 2006) (holding <u>Kayfez</u> exception does not apply and therefore refusing to grant petitioner credit on his federal sentence for pre-sentence time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*).

Third, Petitioner contends that the Report and Recommendation does not take into account the federal sentencing court's intent that Robinson be credited with time served between December 20, 2005 and November 7, 2006 as reflected by the fact that the

3

District Court for the Eastern District of Louisiana ordered the sentences to run concurrently.  To the contrary, the fact that the federal sentence was ordered to run concurrently with the state sentence does not override § 3585(b)'s general prohibition on "double credit."  Dominquez, 251 F.3d 156 (citing § 3585(b) and refusing credit for time served prior to federal sentencing and credited against state sentence where federal sentence ordered to run concurrently with state); Martinez, 2006 WL 3771987 (same).

After a de novo review of the Magistrate Judge's Report and Recommendation and a review of the Petitioner's objections, the Court is unable to find any error with the Magistrate Judge's findings.  The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.  Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry no. 9] is **ADOPTED.**

**IT IS FURTHER ORDERED** that the Petitioner's objections [docket entry no. 10] to the Magistrate Judge's Report and Recommendation are **OVERRULED.**


**SO ORDERED**, this the 27th day of August 2010.

                                s/ David Bramlette
                                **UNITED STATES DISTRICT JUDGE**